UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| L&M HEALTHCARE COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE PANTANO, et al.,<br><br>Defendants. | Civil Action No. 22-00481-JKS-AME<br><br>ORDER |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the October 27, 2023 and May 6, 2024 motions of Defendant Lumanity Creative Strategy and Engagement Inc. f/k/a Guidemark Health, Inc. ("Lumanity"), for leave to amend its answer to assert counterclaims against Plaintiff L&M Healthcare Communications LLC ("Plaintiff"). [D.E. 124, 153]. Pursuant to Rule 53(a)(1)(C),[1] this Court appointed the Honorable Freda L. Wolfson, U.S.D.J. (Ret.), as Special Master in this action on May 24, 2023 ("Special Master"), to address pretrial discovery disputes and other matters the Court deems appropriate for referral. [D.E. 101]. Since then, the Special Master has overseen the completion of discovery and resolved every discovery dispute raised by the parties. [*See* D.E. 108, 112, 116, 150, 152, 164]. Having determined that the Special Master is most familiar with the current state of this matter and thus uniquely positioned to address Lumanity's October 27, 2023 motion effectively and efficiently, on November 15, 2023, this Court referred that motion to the Special Master for a report and recommendation. [D.E. 128].

---

[1] Rule 53(a)(1)(C) authorizes the Court to appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available … [] judge of the district." Unless otherwise stated herein, the "Rules" shall refer to the Federal Rules of Civil Procedure.

As the facts and procedural history are well known to the parties, the Court includes only those portions necessary to resolve Lumanity's motions. On December 29, 2023, the Special Master issued and filed a Report and Recommendation on Lumanity's October 27, 2023 motion. [D.E. 133]. Despite concluding that permitting the proposed amendment would not result in prejudice to Plaintiff, [*id.* at 15-16 (finding that discovery on the proposed counterclaims "has largely been completed," and that "any additional discovery would not require Plaintiff to expend significant resources" given the overlap of those counterclaims with Plaintiff's affirmative claims)], the Special Master recommended denial of that motion based on the finding that "Lumanity [had] fail[ed] to adequately allege all the elements of its [proposed] tortious interference claims under Rule 15(a)'s futility standard." [*Id.* at 25-26]. However, the Special Master did not conclude that Lumanity could "never plead a set of facts that could satisfy the requirement for the element of malice [of the proposed claims]." [*Id.* at 26 n. 9 (noting that Lumanity could seek leave to cure its proposed claims); *see also* D.E. 163 (stating that the Special Master "advised that [Lumanity] may be able to further supplement its allegations to properly plead a claim"].[2] Having recommended denial of the October 27, 2023 motion based on

---

[2] In connection with the futility analysis, the Special Master also considered whether New Jersey's litigation privilege precluded the Court from considering a December 13, 2021 letter (the "December 13 Letter" or "Letter")—in which Plaintiff informed Organogenesis Inc. ("Organogenesis") about Lumanity's alleged "theft and criminal activity" and that it would accordingly notify the appropriate authorities, and which Lumanity claims was sent to intentionally interfere with its contractual relationship with Organogenesis—as evidence in support of the proposed counterclaims. [D.E. 133 at 19]. The Special Master found that the Letter is not protected by such privilege "because it was neither sent in the context of any judicial or quasi-judicial proceedings nor to further any objectives of future litigation." [*Id.* at 19, 21]. However, having recommended denial of the October 27, 2023 motion on the ground the then-proposed counterclaims were futile, the Special Master did not consider whether Plaintiff's statements, including those made in the Letter, are protected by New Jersey's newly-enacted anti-SLAPP statute. [*Id.* at 22 n. 7]. This Court need not address either issue. Consistent with the Special Master's assertions in the May 31, 2024 Report and Recommendation, this Court finds that these issues are moot because Lumanity "no longer relies on such a Letter" in support of the revised proposed counterclaims and the Special Master did not rely on the Letter in assessing futility. [D.E. 163 at 3, 3 n. 2, 8 n. 4 (stating that Lumanity relies on the allegation that Plaintiff engaged in a scheme to destroy the relevant relationship once it "found out that Organogenesis was doing business with Lumanity," and rejecting Plaintiff's conclusory

2

its futility, the Special Master did not issue a finding on the question of whether Rule 16's good cause standard applied to that motion. [*See id.* at 7-9 (stating that the issue presents a "close call"—considering fairness, existing cases in which courts refused to apply Rule 16 even where the deadline to amend had long expired, and the fact that a court may exercise discretion to amend expired deadlines *nunc pro tunc*); *see also* D.E. 163 (the Special Master confirming that she "did not reach the issue of undue delay")].[3]

Lumanity and Plaintiff both timely filed objections to the Special Master's December 29, 2023 Report and Recommendation. [*See* D.E. 135, 136]. Lumanity objected to the Special Master's findings that the proposed amendment was futile and that Lumanity lacked the requisite diligence in moving to amend. [D.E. 135 at 11]. Nonetheless, in accordance with the Special Master's recommendation, Lumanity requested leave to cure the proposed counterclaims. [*Id.* at 23]. In turn, Plaintiff objected to Lumanity being permitted to file another motion to amend as well as the portion of the Report and Recommendation concluding that the December 13 Letter is not protected by the litigation privilege. [D.E. 136 at 5]. Plaintiff did not object to the Special Master's approach to the Rule 16 issue. [*See generally* D.E. 136]. However, in response to Lumanity's objections, Plaintiff requested that the Court overrule all such objections and, specifically, adopt the Special Master's "recogni[tion] that Lumanity did not satisfy Rule 16's stringent requirement of 'good cause' to amend at this late date." [D.E. 142 at 5].[4]

---

argument that the factual bases for the revised proposed counterclaims are subject to the litigation privilege)]. However, as the Special Master further noted, to the extent Lumanity later relies on the Letter as evidence to prove malice in this case, these issues may again become relevant. The Court will only consider the parties' respective arguments at such time.

[3] Nonetheless, the Special Master stated that if Rule 16 were to apply, she would conclude that Lumanity likely failed to meet the applicable "good cause" standard. [D.E. 133 at 10, 14].

[4] In its response to Lumanity's objections, Plaintiff incorrectly stated that "[t]he Special Master correctly held that the more strenuous standard of Rule 16 applies to Lumanity's untimely motion." [D.E. 142 at 9]. The Special Master did not reach the issue of whether Rule 16 applies. [*See* D.E. 133 at 14 ("… [S]hould

Consistent with the Special Master's recommendation, on April 2, 2024, this Court granted Lumanity an opportunity to cure its proposed counterclaims through a renewed motion to amend uniquely addressing whether the proposed revised amendment survives the futility analysis. [D.E. 149 (reserving decision on any other live issues pending the renewed motion)]. In the interim, the Court directed discovery to proceed as ordered by the Special Master. [*Id.*]. On May 6, 2024, Lumanity filed its renewed motion to amend with proposed revised counterclaims for tortious interference of contract and prospective economic advantage. [D.E. 153]. Plaintiff opposed the motion [D.E. 154], and Lumanity replied. [D.E. 158].

On May 31, 2024, the Special Master issued and filed a Report and Recommendation on Lumanity's May 6, 2024 motion, concluding that the proposed revised counterclaims are not futile and recommending that the proposed "amendment may be granted on the basis that it meets Fed. R. Civ. P. 8(a) pleading standards." [D.E. 163]. No party filed any objections to the May 31, 2024 Report and Recommendation by the June 21, 2024 deadline. *See* Fed. R. Civ. P. 53(f)(2). Accordingly, for the reasons stated therein, this Court adopts the Special Master's May 31, 2024 Report and Recommendation in full. Having adopted the Special Master's conclusions on the futility analysis under Rule 15 [*see* D.E. 163] as well as the conclusion that the proposed amendment would not prejudice Plaintiff [*see* D.E. 133 at 16-17], this Court concludes, in its discretion, that leave to amend should be granted. *See* Fed. R. Civ. P. 15(a)(2); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[P]rejudice to the non-moving party is the 'touchstone for the denial of an amendment.'" (citation omitted)).[5]

---

Rule 16 apply, I would find that Defendant failed to demonstrate good cause such that it could be excused from filing an untimely motion to amend after the expiration of the [applicable] deadline …. It is not necessary to draw that conclusion, because … I find that the Proposed Counterclaims are futile."); *see also* D.E. 163 ("I did not reach the issue of undue delay.")].

[5] Although the Special Master provides "[her] view regarding timing and delay," there was no formal recommendation as to the undue delay factor of the Rule 15 analysis. Undue delay, as a basis for denying

Given that the privilege and futility issues have been rendered moot by the Special Master's May 31, 2024 Report and Recommendation, and the fact that the Special Master did not reach the issue of whether Rule 16's good cause standard definitely applies to Lumanity's motions, there are no existing objections to be addressed by this Court. The applicability of Rule 16 is nonetheless a threshold issue when resolving a motion to amend. Taking into the account all of the foregoing, and in the interests of justice and efficiency, pursuant to Rule 6(b)(1)(B), this Court now construes Lumanity's motion to amend to also seek an extension of the applicable deadline to file that motion, and extends, *nunc pro tunc*, that deadline to the date of Lumanity's October 27, 2023 motion—rendering Rule 16's good cause standard inapplicable.[6] Accordingly,

**IT IS** on this 28th day of June, 2024,

**ORDERED** that the Special Master's December 29, 2023 and May 31, 2024 Reports and Recommendations [D.E. 133, 163] are hereby **ADOPTED**; and it is further

---

a motion for leave to amend, focuses on whether the party seeking leave has inexplicably failed to take advantage of previous opportunities to amend, resulting in unfair burdens to the court and the opposing party. *Arthur*, 434 F.3d at 204 (citations omitted). The mere passage of time does not warrant denial. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Arthur*, 434 F.3d at 205 ("There is … no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'"). Although Lumanity delayed in bringing the motion, the record does not support a finding that such delay resulted in unfair burdens to the Court and the opposing parties. Indeed, the Special Master found, and this Court agrees, that the amendment will not prejudice Plaintiff. However, even if the undue delay factor were to weigh against granting Lumanity's motions, this Court would conclude that the totality of the Rule 15 factors weighs in favor of granting the motions.

[6] Rule 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." In evaluating "excusable neglect," the Court must consider the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (citation and internal quotation marks omitted). The Court accepts Lumanity's formal objection to the December 29, 2023 Report and Recommendation concerning its diligence as further support for its implicit application for an extension of time to file the motion to amend, and concludes for those reasons that Lumanity's failure to comply with the Court-ordered deadline to file a motion to amend was due, at a minimum, to excusable neglect.

**ORDERED** that Lumanity's October 27, 2023 motion [D.E. 124] is **DISMISSED** as moot; and it is further

**ORDERED** that Lumanity's May 6, 2024 motion [D.E. 153] is **GRANTED**; and it is further

**ORDERED** that on or before **July 3, 2024**, Lumanity shall file the amended answer with counterclaims in the form filed at D.E. 153; and it is further

**ORDERED** that Plaintiff shall file an answer to Lumanity's counterclaims in accordance with Federal Rule of Civil Procedure 12(a)(1)(B); and it is further

**ORDERED** that any remaining discovery on Plaintiff's affirmative claims and discovery on the proposed counterclaims shall proceed in an expedited fashion;[7] and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motions at D.E. 124 and 153 and the Reports and Recommendations at D.E. 133 and 163.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

---

[7] As set forth in the September 29, 2023 Order, any request to modify the discovery schedule shall be supported by a detailed recitation of good cause and presented to the Special Master for consideration. [D.E. 123]. The Court takes note of the Special Master's report that the parties have indicated they anticipate completing discovery "in early 2024." [D.E. 133 at 6 n. 3]. The Court will expect the parties to continue to exercise diligence in completing discovery.